618 F.Supp. 37 (1984)
Raymond F. WEHNER, et al., Plaintiffs,
v.
SYNTEX CORPORATION, et al., Defendants.
No. 83-642 C (2).
United States District Court, E.D. Missouri, E.D.
December 26, 1984.
Murry A. Marks, John Doskocil, St. Louis, Mo., Arnold Levin, Laurence S. Berman, Alan Kanner, Philadelphia, Pa., Robert L. Driscoll, Kansas City, Mo., for plaintiffs.
Paul S. Brown, St. Louis, Mo., George Weisz, New York City, F. Wm. McCalpin, Richard A. Ahrens, St. Louis, Mo., Hunton & Williams, Joseph M. Spivey, III, Richmond, Va., Stephen D. Busey, James J. Taylor, Jr., Smith & Hulsey, Jacksonville, Fla., Steven R. Baer/Brian G. Donohue, Environmental Enforcement Sec., Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., Cheryle Micinski, Asst. Regional Counsel, U.S. E.P.A., Kansas City, Kan., Keith Onsdorff/Ken Farber, Stuart Hunt/Julie Becker, U.S. E.P.A. Washington, D.C., John J. Cole, W. Munro Roberts, Jr., Ted L. Perryman, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on the following motions: (1) motion to strike of Syntex Agribusiness, (2) plaintiffs' substituted motion for class certification pursuant to Fed.R.Civ.P. 23, and (3) motion of Syntex Agribusiness to postpone consideration of plaintiffs' substituted motion for class certification pending discovery and presentation of evidence.
This is a private action for response costs brought under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607. Plaintiffs have demanded a jury trial. The type of relief available under CERCLA, however, is equitable in nature and thus a jury trial is not available. United States v. Northeastern Pharmaceutical and Chemical Co., 19 Env't.Rep.Cas. 2186, 2187 (W.D.Mo. Sept. 30, 1983); United States v. Wade, 20 Env't.Rep.Cas. 1853, 1855 (E.D.Pa. Feb. 21, 1984); United *38 States v. Reilly Tar & Chemical Corp., 20 Env't.Rep.Cas. 1052, 1056 (D.Minn. June 23, 1983). Defendant Syntex Agribusiness's motion to strike plaintiffs' demand for a jury trial is well taken and will be granted.
In addition to moving to strike the jury demand, Syntex Agribusiness requests this Court to strike various elements of relief. Syntex Agribusiness maintains that plaintiffs may not recover certain medical expenses, loss to property and post-relocation living expenses. These issues, however, are more properly presented to the Court after discovery and trial on the merits. The Court cannot on the basis of the record as it now stands declare that plaintiffs' request for the type of costs listed above are redundant, immaterial, impertinent or scandalous. Fed.R.Civ.P. 12(f).
Plaintiffs seek this Court to certify a class; defendant Syntex Agribusiness argues that a ruling on plaintiffs' motion should be postponed until it can take discovery relating to the requirements of class actions. This Court's discovery stay is still in force pending disposition of the personal jurisdiction issue. Clearly defendants need the benefit of discovery in order to properly respond to plaintiffs' motion. Thus, the Court will postpone consideration of plaintiffs' motion for class certification pending discovery and presentation of evidence by the defendant Syntex Agribusiness. The Court's stay on all discovery shall remain in effect, and a ruling on defendant Syntex Corporation's motion to dismiss for lack of personal jurisdiction shall be forthcoming. The Court has received Syntex's supplemental memorandum of law and exhibits dated December 12, 1984. Following ruling on Syntex's motion the Court will issue an appropriate order relating to discovery. The Court declines to lift its stay so that Syntex Agribusiness may take discovery relating to the class action issue, in that such discovery would have to be duplicated by Syntex Corporation should this Court deny its motion to dismiss.
Accordingly,
IT IS HEREBY ORDERED that the motion of Syntex Agribusiness, Inc. to strike be and is GRANTED in part and DENIED in part.
IT IS FURTHER ORDERED that plaintiff's demand for a jury trial be and is STRICKEN.
IT IS FURTHER ORDERED that defendant Syntex Agribusiness, Inc.'s motion to strike be and is otherwise DENIED.
IT IS FURTHER ORDERED that the motion of defendant Syntex Agribusiness, Inc. to postpone consideration of plaintiffs' substituted motion for class certification pending discovery and presentation of evidence be and is GRANTED as indicated in the above memorandum.