Raymond F. WEHNER, et al.,
Plaintiffs,

v.

SYNTEX CORPORATION, et
al., Defendants.

No. C85 20383 SW.

United States District Court,
N.D. California.

Sept. 8, 1987.

Timothy H. Fine, San Francisco, Cal., Arnold Levin, Howard J. Sedran, Levin and Fishbein, Philadelphia, Pa., C.G. Pulos, Stephen J. Jianakoplos, Doskocil & Pulos, Inc., St. Louis, Mo., Allan Kanner, Philadelphia, Pa., Donald L. Schlapprizzi, St. Louis, Mo., for plaintiffs.

Joseph M. Spivey, III, Hunton & Williams, Richmond, Va., George B. Richardson, Holtzmann, Wise & Shepard, Palo Alto, Cal., for defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR JURY TRIAL

SPENCER WILLIAMS, District Judge.

Plaintiffs have moved for a trial by jury and to reverse Judge Ingram's May 19, 1986, order implicitly striking their jury demand. This court ordered the parties to brief the matter and took the question under submission without oral argument.

This case is a certified class action brought by residents and property owners in "confirmed dioxin sites" most notably in Times Beach, Missouri. They seek to recover "response costs" from defendants in connection with the well-publicized dioxin contamination near their homes. Venue is proper as defendants have their principal place of business in this district.

Plaintiffs bring their claim under 42 U.S.C. Sections 9607 and 9613, part of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA). Specifically, plaintiffs seek costs under Section 9607(a)(4)(B), which holds the transporters of a released hazardous substance liable for "any other necessary costs of response incurred by any other person consistent with the national contingency plan." Under the statute, response costs cover actions necessary to monitor, clean up or remove the hazardous substances, temporary evacuation and housing, and other costs necessary to protect the public health and welfare, including providing alternative water supplies. 42 U.S.C. Sections 9601(23) and 9601(24). Plaintiffs seek reimbursement for various costs including the loss of value to their property, the costs of eating in restaurants during the temporary evacuation, the expense of higher rent and living costs due to permanent relocation, and the continuing medical costs of monitoring any consequences of exposure to dioxin. They do not seek any penalties or punitive damages as provided in other sections of the statute.

Under *Tull v. United States,* —— U.S. ——, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), the Seventh Amendment provides a jury trial in actions that are analogous to suits at common law. To determine whether a statutory action is more similar to an action at law or one in equity, the court must examine both the nature of the action and of the remedy sought. *Id.* 107 S.Ct. at 1835.

As defendants point out in their Memorandum in Opposition, numerous courts have held that actions for recovery of necessary costs under CERCLA are considered equitable in nature and thus do not entitle plaintiffs to a jury trial. *See, United States v. Northeastern Pharmaceutical and Chemical Co.* 810 F.2d 726, 749 (8th Cir.1986); *Wehner v. Syntex Corp.,* 618 F.Supp. 37 (E.D.Mo.1984) and other cases cited by defendants at 3–4. *See also Developments in the Law—Toxic Waste Litigation,* 99 Harv.L.Rev. at 1492 & nn. 46, 47.

Plaintiffs acknowledge that courts have characterized CERCLA claims as "restitution" and have viewed them as actions in equity. The concept of restitution is based on the idea that the courts should prevent unjust enrichment. D. Dobbs, *Remedies* 224 (1973). Applying this theory to the CERCLA cases brought by the United States, the courts may have envisioned the government as discharging a profit-making polluter's responsibility to clean up. Under a theory of equitable restitution, the government would be entitled to relief to restore it to the position it formerly occupied.

Plaintiffs attempt to distinguish their case by pointing out that unlike the government, they did not discharge anyone else's duty. They view their private response costs as damages associated with the forced evacuation of their homes.

Regardless of whether plaintiffs in any of the CERCLA cost recovery cases discharged the "duties" of any defendants, the court still concludes that this action is equitable in nature. The CERCLA statute is intended for the public good; under Section 9607(a)(4)(B) courts act *in the public*

*interest* by restoring the status quo and ordering the return of that which rightfully belongs to the plaintiffs. Such action is within the recognized power and within the highest tradition of a court of equity. *See, Porter v. Warner Co.,* 328 U.S. 395, 402, 66 S.Ct. 1086, 1091, 90 L.Ed. 1332 (1946); *U.S. v. Mottolo,* 605 F.Supp. 898, 913 (D.N.H. 1985); *Wehner v. Syntex, supra.*

Also, as mentioned above, plaintiffs do not seek any penalties or punitive damages. In terms of the relief sought, this suit is not analogous to a commonlaw tort action and would not be entitled to a jury trial.

Thus, because this claim is not analogous to a commonlaw tort suit, plaintiffs' motion for a jury trial is hereby DENIED.