**UNITED STATES of America, Plaintiff,**

v.

**Donald R. LANG, Wallis W. Smith, Arco Chemical Company, and Atlantic Richfield Company, Defendants**

No. 1:94–CV 0057.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 22, 1994.

Patrick Casey, U.S. Dept. of Justice, Environmental Enforcement, Washington, DC and O. Kenneth Dodd, Asst. U.S. Atty., Beaumont TX, for the Government.

Patrick R. Cowlishaw, Cohan Simpson Cowlishaw and Aranza and Donna K. Lang, Dallas, TX, for defendant Lang.

Michael Connelly, Mayer Day Caldwell & Keeton, Houston, TX, for defendants Arco and Atlantic Richfield.

### MEMORANDUM OPINION

COBB, District Judge.

#### Background

Plaintiff, the United States of America, initiated this suit to recover removal and remedial action costs under § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9607 (1988). Plaintiff alleges that it incurred these costs at the Turtle Bayou Superfund Site (Turtle Bayou) in Liberty County, Texas.

Defendant, Donald Lang (Lang), has demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure. The Plaintiff, the United States of America, objects to a jury trial. Plaintiff contends that this is an action in equity and, as such, no right to a jury trial accrues under the Seventh Amendment.

For the reasons set out below, the court believes that an action to recover removal and remedial action costs under CERCLA does not require a jury trial.

#### Discussion

■ Lang's position depends heavily on the Fifth Circuit's decision in *Austin v. Shalala*, 994 F.2d 1170 (5th Cir.1993). In *Austin*, the court held that an action for recovery of an overpayment of social security benefits was an action at law and entitled to a jury trial.

The *Austin* case merely stands for the proposition that an overpayment of money owed creates an action at law. In the case before the court, there is no overpayment of money owed. The government seeks payment for monetary outlays made to effectuate cleanup of the Turtle Bayou site.

After surveying the case law directly on point, the court is unconvinced that the logic of the *Austin* court can be stretched to cover a CERCLA cost recovery action.

The Eighth Circuit has expressly held that there is no right to a jury trial in an action by the government to recover cleanup costs. *United States v. Northeastern Pharmaceutical,* 810 F.2d 726, 749 (8th Cir.1986), *cert. denied,* 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987). In addition, all of the district courts which have squarely addressed the issue have joined in this result. *City of Philadelphia v. Stepan Chem. Co.,* 748 F.Supp. 283, 296 (E.D.Pa.1990); *United States v. Mexico Feed and Seed,* 729 F.Supp. 1250, 1254 (E.D.Mo.1990); *Dublin Scarboro Improvement Assoc. v. Harford County,* 678 F.Supp. 129, 132 (D.Md.1988); *Wehner v. Syntex Corp.,* 682 F.Supp. 39, 40 (N.D.Cal. 1987). See also *In re Acushnet River & New Bedford Harbor,* 712 F.Supp. 994, 1001 (D.Mass.1989) (noting that jury trial not required if government suing for response costs.)

■ The cases cited by Plaintiff do not support their assertion that there is a *right* to a jury trial in an action by the government to recover expenses incurred during a superfund cleanup. *Richland–Lexington Airport Dist. v. Atlas Props., Inc.,* 901 F.2d 1206, 1209 (4th Cir.1990) (plaintiff appeals j.n.o.v. and court remands for reinstatement of jury verdict); *Pierson Sand and Gravel, Inc. v. Pierson Township,* 1990 WL 359058, *4 (W.D.Mich.1990) (court denying summary judgment motion and stating that issue is for the jury); *Chemical Waste Mgt., Inc. v. Armstrong World Indus., Inc.,* 669 F.Supp. 1285, 1292 n. 11 (E.D.Pa.1987) (noting that jury will decide several of the issues before

the court). At most, each of these cases imply that a court entertaining a CERCLA § 107(a) claim is *permitted* to seat a jury when neither party objects to a jury trial.[1] When a particular cause of action does not create a Seventh Amendment right to a jury trial, it is still permissible for a jury to hear the claim. *See* CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2317 (1971).

### ORDER

Before the court is the Plaintiff's Motion to Strike Defendant Donald R. Lang's Jury Demand. After considering the Motion, this Court is of the opinion, for the reasons outlined above, that the Motion should be GRANTED.

---

1. It is also worth mentioning that the juries mentioned in *Richland–Lexington, Pierson,* and *Chemical Waste* may have been advisory juries. Both parties agree that the decision to empanel an advisory jury is fully within the discretion of the court. Fed.R.Civ.P. 39(c). This further undermines Defendant's assertion that he has a Seventh Amendment right to trial by jury.