Pichowicz v. Atlantic Richfield        CV-92-388-M    08/28/97   P
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Nicholas and Joan Pichowicz, Plaintiffs,
and NH VT Health Service,
      Intervenor-Plaintiff,

      v.                                    Civil No. 92-388-M

Atlantic Richfield,
      Defendant/Counter-Claimant, and
Stephen Bronstein; James Fokas;
and Herbert Miller, Defendants/
      Cross-Claimants/Counter-Defendants.


                          O R D E R


      Defendants, Stephen Bronstein, James Fokas, and Herbert

Miller, have filed a motion for partial summary judgment

asserting that plaintiffs are not entitled to one of the cost

items claimed as damages in Count V under 42 U.S.C.A. §

9607(a)(4)(B), and in Count VI under New Hampshire Revised

Statute Annotated[1] § 147-B:10, III(b).  Plaintiffs have not

objected or otherwise responded to defendants' motion.  For the

reasons that follow, summary judgment is granted in defendants'

favor as to liability for the August 30, 1990, costs associated

with work on plaintiffs' ponds.

                      **Standard of Review**

_____

      [1]  The abbreviation "RSA" shall be substituted for "New
Hampshire Revised Statutes Annotated" in this Order.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party first must show the absence of a genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

When, as in this case, the nonmoving party does not object or otherwise respond to a motion for summary judgment, the court nevertheless reviews the motion on its merits.  See CMM Cable REP, Inc. v. Ocean Coast Properties, Inc., 97 F.3d 1504, 1530 (1st Cir. 1996).  Properly supported facts presented by the moving party are accepted as undisputed.  See Ramsdell v. Bowles, 64 F.3d 5, 8 (1st Cir. 1995), cert. denied, 116 S.Ct. 913 (1996).  Summary judgment may be granted, however, only if the moving party is entitled to judgment as a matter of law based upon the undisputed facts in the record.  Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989).

## Discussion

Defendants move for summary judgment on plaintiffs' claims under CERCLA, 42 U.S.C.A. §§ 9607(a) (Count V) and New Hampshire's Hazardous Waste Cleanup Fund, RSA § 147-B:10, (Count VI), for costs associated with work on their ponds. In plaintiffs' answers to defendants' interrogatories about their expenses, for which they seek reimbursement under either section 9607(a)(2) or RSA § 147-B:10, they list $74,500 for "pond reclamation" on August 30, 1990. According to a proposal by Galloway Trucking, submitted with plaintiffs' interrogatory answers, the pond work involved pumping the ponds, removing clay and organic materials down to a hard base, removing the excavated materials from the site, and seeding the rims of both ponds.[2] Defendants argue that plaintiffs are not entitled to recover the costs for the pond work because they cannot show that their actions were consistent with the national contingency plan ("NCP") in effect in 1990, as required by CERCLA statutory sections 9607(a)(2)(B). Defendants also argue that the pond expenses were not expenditures covered by the right to contribution provided by RSA § 147-B:10.

## A. Count V Claim: CERCLA, Section 9607(a)(2)(B)

---

[2] As defendants point out, it is unclear whether the pond work was completed in August 1990 or whether plaintiffs' merely received a proposal and estimate for work to be done. However, the date is pertinent here only for purposes of determining the applicable NCP. Whether the work was actually performed in 1990 or later, the 1990 version of the NCP would apply.

Parties seeking response costs under section 9607(a)(2)(B)[3] must prove that their actions, for which the costs were incurred, were consistent with the NCP. <u>See, e.g.</u>, <u>Washington State Dep't of Transp. v. Washington Natural Gas Co., Pacificorp</u>, 59 F.3d 793, 800 (9th Cir. 1995); <u>Town of Bedford v. Raytheon Co.</u>, 755 F. Supp. 469, 472 (D. Mass. 1991). Plaintiff's actions must be consistent with the NCP[4] that was in effect at the time that plaintiff incurred response costs. <u>Washington State Dep't of Transp.</u>, 59 F.3d at 802. Accordingly, the 1990 NCP applies in this case.

The 1990 NCP provides that a party's response action will be deemed to be "consistent with the national contingency plan," if

---

[3] Section 9607(a)(2)(B) provides as follows:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-- . . .
(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . . shall be liable for--
 . . .
        (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan . . . .

[4] The NCP is set forth in Environmental Protection Agency regulations at 40 C.F.R. Part 300. <u>See</u> 42 U.S.C.A. § 9605; <u>see also</u> <u>Bancamerica Commercial Corp. v. Mosher Steel of Kansas</u>, 100 F.3d 792, 796 n.2, <u>amended on other grounds</u>, 103 F.3d 80 (10th Cir. 1996). The current version of the NCP was promulgated in 1990. <u>See</u> 55 Fed. Reg. 8666 (1990); <u>Bancamerica Commercial Corp. v. Trinity Industries</u>, 900 F. Supp. 1427, 1451 (D. Kan. 1995), <u>aff'd in part, rev'd in part (on other grounds), remanded</u>, 100 F.3d 792 (10th Cir. 1996).

it is in "substantial compliance" with NCP requirements and "results in a CERCLA-quality clean-up." 40 C.F.R. § 300.700(c)(3)(i) (1990). Response actions that are not taken pursuant to an EPA order, must comply with the NCP requirement that "[p]rivate parties undertaking response actions should provide an opportunity for public comment concerning the selection of the response action based on the provisions set out below, or based on substantially equivalent state and local requirements." § 300.700(c)(6); see also Bancamerica Commercial, 100 F.3d at 797. Response actions are either remedial or removal actions under the NCP, and public participation requirements are more stringent for remedial actions. See § 300.415(m)[5] (removal actions); §§ 300.430(c) and 300.435(c) (remedial actions); see also C & C Millwright Maintenance v. Town of Greeneville, 946 F. Supp. 555, 558 (E.D. Tenn. 1996).

In this case, it is unnecessary to determine whether the pond work is properly characterized as remedial or removal action for purposes of applying the appropriate public participation requirements because the record shows no evidence of public notice or opportunity for public comment of any kind. See VME Americas, Inc. v. Hein-Werner Corp., 946 F. Supp. 683, 690 (E.D. Wisc. 1996). Public notice is an important requirement of the

---

[5] The public participation requirements for removal actions were found at section 300.415(m) in 1990 but are currently at section 300.415(n).

NCP. <u>See</u> 55 Fed.Reg. 8795 ¶5 (1990). This court joins with other courts which have held that public notice is a material and substantial element of compliance with the NCP. <u>See, e.g.,</u> <u>Bancamerica Commercial</u>, 100 F.3d at 796 n.3; <u>C & C Millwright</u>, 946 F. Supp. at 558; <u>VME Americas, Inc.</u>, 946 F. Supp. at 690-91 ("Numerous federal courts, in both removal and remedial actions, have ruled that the failure to provide public notice and an opportunity for public comment constitutes a substantial and material departure from the NCP, rendering a response action inconsistent therewith and barring the recovery of response costs." Citing cases.)

Because, on the record presented, it is apparent that plaintiffs failed to provide any public notice or opportunity for public comment on their pond work, they have not shown that their action was in substantial compliance with the NCP. Accordingly, defendants are entitled to summary judgment on the CERCLA claim in Count V for pond work in the amount of $74,500.00.

### B. <u>Count VI Claim: RSA 147-B:10</u>

Plaintiffs also claim the same $74,500.00 in costs for pond work under RSA 147-B:10, III(b), which provides a state right of contribution to "any person who has expended funds to remedy environmental damage . . .limited to expenditures which are incurred for the purposes described in Paragraph II of this section and which are consistent with the laws and rules of the

6

state of New Hampshire." Id. Paragraph II of RSA § 147-B:10 lists the following recoverable costs:

  (a)  Containment of the hazardous wastes or hazardous materials.
  (b)  Necessary cleanup and restoration of the site and the surrounding environment.
  (c)  Removal of the hazardous wastes or hazardous materials.
  (d)  Such actions as may be necessary to monitor, assess and evaluate the release or threat of release of a hazardous waste or hazardous material; or to mitigate damage to the public health or welfare that may otherwise result from a release or threat of release.

In support of their summary judgment motion, defendants contend that plaintiffs bear the burden of demonstrating that their claimed costs are recoverable under RSA 147-B:10, II, and that the record is not supportive.

Neither the statute itself nor New Hampshire case law allocates the burden of proof under RSA 147-B:10, III(b). Plaintiffs are likely to bear the same burden of proof as they would under similar CERCLA provisions, since the state statutory remedies resemble those provided by CERCLA. See, e.g., Dedham Water Co. v. Cumberland Farms Dairy, 889 F.2d 1146, 1156-57 (1st Cir. 1989); Town of Jaffrey v. Town of Fitzwilliam, 846 F. Supp. 3, 5 (D.N.H. 1994). To avoid summary judgment under these circumstances (no objection), the record must show that plaintiffs' pond work constituted one of the four categories of recoverable costs listed in § 147-B:10, II (a-d).

7

Three of the four categories, (a), (b), and (d), describe actions aimed at hazardous wastes or materials. Category (b) allows costs for "necessary cleanup and restoration" meaning that the cleanup was in response to an actual threat to public health or to the environment. See Yellow Freight System, Inc. v. ACF Indus., Inc., 909 F. Supp. 1290, 1299 (E.D. Mo. 1995) (discussing definition of "necessary" response costs in context of CERCLA). Further, the New Hampshire statute requires that any expenditures for actions taken to remedy environmental damage must have been done in compliance with New Hampshire rules and laws. RSA 147-B:10, III(b).

In this case, it is undisputed that hazardous substances migrated from the adjacent shopping center property (formerly owned by defendants) to plaintiffs' property, and that defendants excavated and reconstructed the septic system on the shopping center property. The record does not show, however, that hazardous substances or a threat to public health existed in 1990, or before, in plaintiffs' ponds or that the cleanup of the ponds was undertaken in compliance with the laws and rules of New Hampshire. In the absence of such necessary factual information, plaintiffs cannot demonstrate that their expenditures on pond work were costs recoverable and entitled to contribution under RSA 147-B:10,III(b).

Accordingly, defendants are entitled to summary judgment as to plaintiffs claim in Count VI under RSA 147-B:10, III(b) for $74,500.00 in costs

## Conclusion

For the foregoing reasons, defendants' motion for partial summary judgment (document no. 127) is granted.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

August 28, 1997

cc:  Linda J. Argenti, Esq.
     Joseph G. Abromovitz, Esq.
     M. Ellen LaBrecque, Esq.
     Garry R. Lane, Esq.
     Peter S. Wright, Jr., Esq.
     Thomas H. Richards, Esq.